IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT WASHINGTON           :      CIVIL ACTION
                                :
       v.                   :
                                :
PHILADELPHIA POLICE DEPARTMENT   :      NO. 13-897
HOMICIDE UNIT SUPERVISORS AUTHORITY :
OFFICIALS, et al.                 :

## MEMORANDUM

MCLAUGHLIN, J.                         MARCH 25, 2013

     Robert Washington, a prisoner incarcerated at the State Correctional Institution at Retreat, brings this pro se civil action against unknown officials of the Philadelphia Police Department's Homicide Unit and two Philadelphia police officers. He asserts constitutional claims and state tort claims based on his arrest, interrogation, and conviction, and seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

## I.    FACTS

     On November 4, 2003, two officers of the Philadelphia Police Department entered plaintiff's grandparents' home. The defendants claimed to have a warrant for plaintiff's arrest but plaintiff believes that they did not have "an oath of probable cause." (Compl. ¶ 14.) The officers arrested plaintiff and apparently conducted an illegal search.[1]

_____

[1]Although the complaint refers to a "search," it is not clear whether the search was of the residence, plaintiff's person, or something else.

Plaintiff, who was seventeen years old at the time, was taken into custody and charged with murder, robbery, and related offenses.  He contends that the police interrogated him even though he was never given <u>Miranda</u> warnings, his legal guardian was not present, he had a history of drug abuse, and he suffered from a learning disability.  Plaintiff further contends that his constitutional rights were violated in the course of his prosecution because, among other things, he was forced by his attorney and threatened by the prosecutor to plead guilty even though he was not "fully cognizant and aware of all his legal rights."  (Compl. ¶ 18 (quotations omitted).)

In February 2013, Plaintiff filed this action, asserting various constitutional claims pursuant to 42 U.S.C. § 1983, and related state tort claims based on an illegal search, and his arrest, interrogation, prosecution, and conviction.  He alleges that he could not have previously filed this action because certain extraordinary circumstances stood in his way.  Plaintiff seeks a declaration that his constitutional rights have been violated, as well as compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Plaintiff is granted leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same

2

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may consider matters of public record in determining whether to dismiss a complaint. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). The rule announced in Heck applies equally to claims for declaratory

3

relief if success on those claims would necessarily imply the invalidity of an intact conviction.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, plaintiff raises numerous claims based on alleged constitutional deficiencies in his prosecution and convictions. However, the complaint suggests, and publicly available dockets confirm, that plaintiff's convictions have not been reversed or otherwise invalidated.[2]  Accordingly, those claims are barred by Heck because success on them would render plaintiff's convictions invalid and/or imply the invalidity of his convictions. Furthermore, plaintiff's state and federal malicious prosecution claims fail because, if his convictions have not been vacated, he cannot establish favorable termination.  See Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002); Cap v. K-Mart Discount Stores, Inc., 515 A.2d 52, 53-54 (Pa. Super. Ct. 1986).

Heck does not bar plaintiff's Fourth Amendment claims for

---

[2]It appears that plaintiff was charged in two related criminal cases.  The Philadelphia Court of Common Pleas docket numbers for those cases are CP-51-CR-0200131-2004 and CP-51-CR-0200121-2004.  He also filed two habeas actions in this district, Civ. A. Nos. 07-4371 and 09-5115, and an application to file a second or successive habeas petition with the Third Circuit, No. 12-1299.

false arrest, false imprisonment, and an illegal search, or his
claim that his rights were violated because the defendants
allegedly coerced his confession and failed to Mirandize him.
See Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Simmons v.
O'Brien, 77 F.3d 1093, 1094-95 (8th Cir. 1996).  However, those
claims, and any related state law claims, are time-barred.  In
Pennsylvania, a two-year statute of limitations governs claims
for personal injury.  See 42 Pa. Cons. Stat. § 5524.  That
limitations period also governs plaintiff's § 1983 claims.  See
Wallace, 549 U.S. at 387.  Plaintiff's state and federal claims
accrued when he "ha[d] a complete and present cause of action,
that is, when [he could] file suit and obtain relief."  Dique v.
N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (quotations
omitted); Osbourne v. Lewis, 59 A.3d 1109, 1114 (Pa. Super. Ct.
2012) ("Pursuant to Pennsylvania law, a cause of action accrues
when a plaintiff could first maintain the action to successful
conclusion.").  However, the limitations period may be tolled in
accordance with Pennsylvania law, which applies to plaintiff's §
1983 claims unless inconsistent with federal law.  Dique, 603
F.3d at 185.

Plaintiff's claims based on his false arrest and
interrogation accrued in November 2003, when the arrest and
interrogation occurred.  See Montgomery v. De Simone, 159 F.3d
120, 126 (3d Cir. 1998).  His false imprisonment claims accrued
by February 11, 2004, at the latest, when the publicly available
docket reflects that plaintiff was arraigned in the Court of

5

Common Pleas.  See Wallace, 549 U.S. at 389 ("[A] false imprisonment ends once the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges.") (emphasis omitted).  As plaintiff was only seventeen years old at the time of his arrest and interrogation, the statute of limitations was tolled under Pennsylvania law until he turned eighteen some time in 2004.  See 42 Pa. Cons. Stat. § 5533(b).  However, unless additional tolling applies, plaintiff's claims are time-barred because he did not file this action until February 12, 2013, long after the two-year limitation period expired.[3]

In addition to his minority, plaintiff claims that the following "extraordinary" or "special" circumstances prevented him from filing this action earlier: (1) he "did not know his rights at the time of his arrest and conviction"; (2) he was incompetent before and after he was convicted; (3) he has been taking psychotropic medications for over eight years; (4) he suffers from an educational disability; (5) he was "consistently" isolated while incarcerated and transferred among institutions; (6) he attempted to commit suicide; and (7) he was housed in special housing units and under "supermax conditions of confinement." (Compl. ¶¶ 22-23 (quotations omitted).)  Notably,

---

[3]Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Accordingly, the handwritten date on plaintiff's complaint, February 12, 2013, is the earliest possible date of filing.

Pennsylvania law does not allow for tolling based on "insanity or imprisonment."  42 Pa. Cons. Stat. § 5333(a).  However, Pennsylvania allows for tolling based on the "discovery rule," which "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause," Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted), and based on fraudulent concealment.  See 42 Pa. Cons. Stat. § 5504; see also Aivazoglou v. Drever Furnaces, 613 A.2d 595, 598 (Pa. Super. Ct. 1992).  Furthermore, federal law allows for tolling "(1) where a defendant actively misleads a plaintiff with respect to [his] cause of action; (2) where the plaintiff has been prevented from asserting [his] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts [his] claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000) (quotations omitted).

Plaintiff is not entitled to tolling under either Pennsylvania or federal law because the public record belies his assertion that he was incapable of raising his claims at an earlier time.  In October 2007, plaintiff filed a petition for post-conviction relief in the state courts as well as a habeas petition in this district.  In his federal habeas petition, plaintiff asserted that counsel was ineffective in failing to investigate the validity of his confession because he "was a minor and suffered from mental and emotional instability."

<u>Commonwealth v. Washington</u>, E.D. Pa. Civ. A. No. 07-4371 (Document No. 1, at 3).  He also appeared to take issue with counsel's failure to investigate "the procedures of [his] arrest," (<u>id.</u> at 6), and asserted that his guilty plea was constitutionally defective.  Plaintiff voluntarily withdrew that petition, but filed another habeas petition in 2009.  In his second petition and his supporting memorandum of law, plaintiff alleged that his confession was coerced, that his counsel was ineffective, and that his guilty plea was invalid.[4]  <u>Washington v. District Attorney</u>, E.D. Pa. Civ. A. No. 09-5115 (Document Nos. 3 & 4).

Based on those filings, it is apparent that plaintiff was aware of the alleged violations of his rights years before he filed this action and that he was capable of pursing his claims as early as 2007.  Thus, even if the circumstances listed in plaintiff's complaint entitle him to some tolling, they would not justify tolling beyond 2007, or 2009 at the latest.  As plaintiff did not file this action until February 2013, the Court will dismiss the remainder of his claims as time-barred.  <u>See</u> <u>Staehr v. Hartford Fin. Servs. Grp., Inc.</u>, 547 F.3d 406, 425 (2d Cir. 2008) (explaining that a court may take judicial notice of publicly available documents in determining that a complaint should be dismissed as time-barred); <u>see also</u> <u>O'Boyle v.</u>

---

[4]Plaintiff litigated that case to completion and sought a certificate of appealability from the Third Circuit after his habeas petition was denied.

Braverman, 337 F. App'x 162, 164 (3d Cir. 2009) (same).

A district court should ordinarily provide a pro se plaintiff leave to file an amended complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because it is apparent that plaintiff's claims are either not cognizable or time-barred.  See Ryals v. Montgomery Cnty., No. 12-4234, 2013 WL 1010610, at *1 (3d Cir. Mar. 15, 2013) (per curiam) (summarily affirming dismissal of claims without leave to amend under § 1915(e) when plaintiff's arguments for tolling were belied by the record).

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed.  An appropriate order follows.

9